# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: November 3, 2025

```
* * * * * * * * * * * * * * * * * * * * * * *
GREGORY KEANE,                              *      PUBLISHED
                                            *
                 Petitioner,                *      No. 21-2300V
                                            *
v.                                          *      Special Master Nora Beth Dorsey
                                            *
SECRETARY OF HEALTH                         *      Damages Award; Varicella Vaccine;
AND HUMAN SERVICES,                         *      Disseminated Varicella Vaccine-Strain
                                            *      Viral Disease; Varicella Meningitis;
                 Respondent.                *      Table Injury.
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

Timothy J. Mason, Law Office of Sylvia Chin-Caplan, LLC, Boston, MA, for Petitioners.
Ryan Pohlman Miller, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES BASED ON PROFFER[1]

On December 16, 2021, Gregory Keane ("Petitioner")[2] filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[3]  Petitioner alleged that as a result of varicella vaccinations administered on June 27, 2008 and August 23, 2011, he developed vaccine-strain varicella meningitis.  Petition at Preamble (ECF No. 1).  On April 25, 2023, the undersigned issued a

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The case caption was amended when Petitioner reached the age of majority.

[3] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

ruling finding Petitioner entitled to compensation after Respondent conceded Petitioner was entitled to compensation for disseminated varicella-vaccine strain viral disease, a Table injury. Ruling on Entitlement dated Apr. 25, 2023 (ECF No. 47).

On November 3, 2025, Respondent filed a Proffer on Award of Damages ("Proffer"), attached hereto as Appendix A. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. Proffer at 1-3. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

**(1) A lump sum payment of $628.56, representing past unreimbursable expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

**(2) An amount of $85,000.00 to purchase the annuity contract described in section II.B. of the Proffer**

Proffer at 1, 4. This amount represents all elements of compensation to which Petitioner is entitled under § 15(a). Id.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

      **IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| GREGORY KEANE,<br><br>                  Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | No. 21-2300V<br>Special Master Dorsey<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF DAMAGES

**I.      Procedural History**

On December 16, 2021, Raymond and Mary Keane filed a petition for compensation ("petition") on behalf of their son, Gregory Keane, who was a minor at the time, under the National Childhood Vaccine Injury Act of 1986, 43 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that as a result of varicella vaccinations administered to Gregory Keane on June 27, 2008, and/or August 23, 2011, he developed vaccine-strain varicella meningitis. ECF No. 1 at 1. On April 7, 2025, Gregory Keane substituted as petitioner, given that he had reached the age of majority, and the caption of this case was changed. *See* ECF No. 105 (Order changing case caption to substitute Gregory Keane for his parents as petitioner).

On April 24, 2023, respondent filed a report pursuant to Vaccine Rule 4(c) conceding that petitioner is entitled to compensation in this case for disseminated varicella-vaccine strain viral disease, a Table injury. ECF No. 45 at 2. Accordingly, on April 25, 2023, the Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation. ECF No. 49.

## II.     Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[1]

### A.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $628.56, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner. Petitioner agrees.

### B.     Pain and Suffering

For pain and suffering, respondent proffers that the Court award an amount not to exceed $85,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which the

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[2] At respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies. The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[3] The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

annuity will be purchased,[4] subject to the conditions described below, that will provide payments to petitioner as set forth below:

    a. A certain Lump Sum of $32,851.00 payable on March 10, 2029.

    b. A certain Lump Sum of $37,815.15 payable on March 10, 2032.

    c. A certain Lump Sum of $43,569.99 payable on March 10, 2035.

The purchase price of the annuity described in this section II.B. shall neither be greater nor less than $85,000.00.  In the event that the cost of the certain lump sum annuity payments set forth above varies from $85,000.00, the certain lump sum payable on March 10, 2035, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $85,000.00. Should petitioner predecease payment of any of the certain lump sum payments set forth above, said payments shall be made to his estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of petitioner's death.

    These amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

---

    a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

III. **Summary of Recommended Payments Following Judgment**

    A.    Past Unreimbursable Expenses:    **$628.56**

    B.    An amount of **$85,000.00 to purchase the annuity contract** described above in section II.B.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

/*s/ Ryan P. Miller*
RYAN P. MILLER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-3027
Ryan.Miller@usdoj.gov

DATED: November 3, 2025